IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 10 - CV - 02206

Gregory Lay Lisco,

    Plaintiff,

v.

State of Colorado Department of Corrections
Physician Health Partners, Medical Services Provider, Freemont Correctional Facility;
Rae Timme, Warden, Freemont Correctional Facility;
Lynn Erickson, Health Services Administrator, Fremont Correctional Facility;
Dr. Tim Creany, MD, Medical Provider, Freemont Correctional Facility
Michael S. Walsh, Physician's Assistant, Freemont Correctional Facility;
John Doe Incorporated, Medical Services Provider, Cheyenne Mountain Re-entry Center;
Dr. Wright, MD, Medical Provider, Cheyenne Mountain Re-entry Center;
Nurse Serene Beall, Intake Nurse, Cheyenne Mountain Re-entry Center;
OC Baker, Intake Technician, Cheyenne Mountain Re-entry Center;
Ms. Tredway, Case Manager, Cheyenne Mountain Re-entry Center;
Mr. London, Case Manager, Cheyenne Mountain Re-entry Center;
Aristedes W. Zavares, Executive Director, Colorado Department of Corrections,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
SEP 9 - 2010
GREGORY C. LANGHAM
CLERK

## CIVIL RIGHTS COMPLAINT
### pursuant to 42 U.S.C. §1983.

Amount in controversy:
greater than $10,000.00

RECEIVED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
AUG 30 2010
GREGORY C. LANGHAM
CLERK

NB: Plaintiff submits his *Complaint* pro se; accordingly, he respectfully requests this Honorable Court construe his pleadings liberally and hold him to a less stringent standard. See *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (U.S.Ill. 1972).

## A. PARTIES

1. **Plaintiff: Gregory Lay Lisco, #98687 (Lisco)**, Cheyenne Mountain Re-entry Center, 2925 East Las Vegas Street, Colorado Springs, Colorado 80906.

2. **Defendant: Physician Health Partners**; Medical Services Provider; 1515 Arapahoe St., Suite 300 Tower One; Denver, Co. 80203.

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law?__X__Yes _____No (CHECK ONE). Briefly explain your answer: Defendant Physician Health Partners was/is contracted by the Colorado Department of Corrections to provide medical services for prisoners.

3. **Defendant: Rae Timme,** Warden, Freemont Correctional Facility; Post Office Box 999, Canon City, Colorado, 80215-0999.

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law?__X__Yes _____No (CHECK ONE). Briefly explain your answer: Defendant Rae Timme was/is employed by the Colorado Department of Corrections as the Warden at Freemont Correctional Facility.

4. **Defendant: Lynn Erickson,** Health Services Administrator, Fremont Correctional Facility; Post Office Box 999, Canon City, Colorado, 80215-0999.

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law?__X__Yes _____No (CHECK ONE). Briefly explain your answer: Defendant Lynn Erickson was/is employed by Physician Health Partners and/or the Colorado Department of Corrections to administer medical services for prisoners.

5. **Defendant: Dr. Tim Creany, MD,** Medical Provider, Freemont Correctional Facility; 1515 Arapahoe St., Suite 300 Tower One; Denver, Co. 80203.

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law?__X__Yes _____No (CHECK ONE). Briefly explain your answer: Defendant Dr. Tim Creany was/is employed by Physician Health Partners to provide medical services for prisoners incarcerated in CDOC.

6. **Defendant: Michael S. Walsh,** Physician's Assistant, Freemont Correctional Facility; 1515 Arapahoe St., Suite 300 Tower One; Denver, Co. 80203.

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law?__X__Yes _____No (CHECK ONE). Briefly explain your answer: Defendant Michael S. Walsh was/is employed by Physician Health Partners to provide medical services for prisoners.

7. **Defendant: John Doe Incorporated,** Medical Services Provider, Cheyenne Mountain Re-entry Center; 2925 East Las Vegas, Colorado Springs, Colorado 80906.

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law?__X__Yes _____No (CHECK ONE). Briefly explain your answer: Defendant John Doe Incorporated was/is

contracted by the Cheyenne Mountain Re-entry Center and/or the Colorado Department of Corrections to provide medical services for prisoners.

8. **Defendant: Dr. Wright, MD,** Medical Provider, Cheyenne Mountain Re-Entry Center; 2925 East Las Vegas, Colorado Springs, Colorado 80906.

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law?__X__Yes ____No (CHECK ONE). Briefly explain your answer: Defendant Dr. Wright was/is contracted/employed by John Doe Incorporated, the Cheyenne Mountain Re-entry Center and/or the Colorado Department of Corrections to provide services for prisoners.

9. **Defendant: Nurse Serene Beall,** Intake Nurse, Cheyenne Mountain Re-entry Center; 2925 East Las Vegas, Colorado Springs, Colorado 80906.

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law?__X__Yes ____No (CHECK ONE). Briefly explain your answer: Defendant Nurse Serene Beall was/is contracted/employed by John Doe Incorporated, the Cheyenne Mountain Re-entry Center and/or the Colorado Department of Corrections to provide medical services for prisoners.

10. **Defendant: OC Baker,** Intake Technician, Cheyenne Mountain Re-entry Center; 2925 East Las Vegas, Colorado Springs, Colorado 80906.

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law?__X__Yes ____No (CHECK ONE). Briefly explain your answer: Defendant OC Baker was/is contracted/employed by the Cheyenne Mountain Re-entry Center and/or CDOC to administer medical services for prisoners.

11. **Defendant: Ms. Tredway,** Case Manager, Intake Technician, Cheyenne Mountain Re-entry Center; 2925 East Las Vegas, Colorado Springs, Colorado 80906.

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law?__X__Yes ____No (CHECK ONE). Briefly explain your answer: Defendant Ms. Tredway was/is contracted/employed by the Cheyenne Mountain Re-entry Center and/or the Colorado Department of Corrections as Case Manager.

12. **Defendant: Mr. London,** Case Manager, Cheyenne Mountain Re-entry Center; 2925 East Las Vegas, Colorado Springs, Colorado 80906.

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law?__X__Yes ____No (CHECK ONE). Briefly explain your answer: Defendant Mr. London was/is contracted/employed by the Cheyenne Mountain Re-entry Center and/or the Colorado Department of Corrections as Case Manager.

13. **Defendant: Aristedes W. Zavares,** Executive Director, Colorado Department of Corrections; 2862 South Circle Drive, Colorado Springs, CO 80906.

At the time the claim(s) alleged in this complaint arose, was this defendant acting under color of state law?__X__Yes ____No (CHECK ONE). Briefly explain your answer: Defendant Aristedes W. Zavares was/is the Director of the Colorado Department of Corrections.

/ / /

/ / /

## B. JURISDICTION

14. Plaintiff asserts jurisdiction over his civil rights claim(s) pursuant to:

*28 U.S.C. §1343* and *42 U.S.C. §1983* (state prisoners).

## C. NATURE OF THE CASE

15. On or about 22 April 2010, Lisco was injured while working as a welder in the West Maintenance Shop (Shop) at Fremont Correctional Facility (FCF).

16. The Shop was too small and cramped in relation to the work being performed; and it was not properly separated from the other work areas and tasks.

17. The Shop did not provide adequate safety warnings nor particularized training of prisoner workers.

18. Lisco and other prisoners are induced to participate in these work programs by marginal wages, early release benefits and statutory requirements that prisoners participate in such work programs or face sanctions.

19. In the afternoon of 22 April 2010, Lisco had finished working on a large 'dump box'[1] and was returning tools when another prisoner walked into the work area and stumbled into the dump box, causing it to fall onto Lisco's right leg, injuring his knee.

20. At the moment of the accident, Lisco knew the injury was major and quickly informed his supervisor, Sgt. Jerry Donley; who filed a report and then escorted Lisco to the facility infirmary.

21. Lisco's claims regard the subsequent deliberate and reckless disregard of serious medical needs: in the face of obvious pain and suffering; injury of the nature that required surgery in a timely manner to prevent permanent damage and lifelong disability; and retaliatory conduct designed to thwart redress and demands for medical treatment.

## D. CAUSE OF ACTION

22. At approximately 1:30 PM, on this same date, 22 April 2010, the preliminary examination nurse, Rick L. Mercer, immediately brought the injury to the attention of Defendant Dr. Tim Creany, MD, Medical Provider, Freemont Correctional Facility (Dr. Creany)[2]; who ordered an X-Ray.

---

[1] The 'dump-box' was approximately six feet by 5 feet, ¼" plate steel; approximately 5-6 hundred pounds.
[2] Upon belief and information, Dr Creany is/was an employee/agent of Physician Health Partners, the Medical Services Provider for Freemont Correctional Facility.

23. On or about 27 April 2010, the radiology report was returned and (rather than a doctor) Defendant Michael S. Walsh, Physician's Assistant, Freemont Correctional Facility (Walsh), interpreted the report and diagnosed that Lisco had suffered a partial ruptured patellar tendon.

24. Walsh ordered that no medical intervention was needed, since the tendon would grow back on its own and the ruptured part would completely dissolve "in three to four years".[3]

25. Walsh did document strict order that Lisco avoid stairs and that FCF officials provide 'bottom floor' housing and 'bottom bunk' assignment.

26. Lisco was suffering continuous, sharp and intense pain and, even routine, daily movement intensified these pains.[4]

27. Lisco made multiple requests to see Dr. Creany and/or a specialist, to no avail.

28. On or about 8 June 2010, Lisco submitted administrative grievance requesting specialist to examine the injury.

29. This first grievance was denied and Lisco was instructed to submit request to medical if he did not believe the treatment was working—he had never provided a treatment plan. See *Attachment A*.

30. This response was absurd, considering the plain statements of the grievance expressed total lack of treatment.

31. Lisco submitted second step grievance, which was again denied by Dr. Creany, who determined that he could not evaluate the injury by merely the grievance; as such, Walsh's diagnosis must stand. Dr. Creany thereby avoided the request for his own or a specialist's examination.[5]

32. On or about 25 May 2010 Lisco's mother sent letter to Defendant Rae Timme, Warden, Freemont Correctional Facility (Warden Timme); and copy was forwarded to Defendant Aristedes W. Zavares, Executive Director, Colorado Department of Corrections (Director Zavares), requesting intervention and assistance in the matter.

33. E-Mail was subsequently sent to Lisco's mother, by Defendant Lynn Erickson, Health Services Administrator, Fremont Correctional Facility (Erickson); stating that Lisco had been diagnosed by the "provider" as having no more than a generalized contusion.

34. Lisco was only seen by the Physician's Assistant—not by the provider and not by a doctor.

35. After submitting third, and final step grievance, on or about 2 July 2010, Lisco was abruptly transferred to Cheyenne Mountain Re-entry Center (CMRC).

---

[3] Upon belief and information, Walsh was not qualified to make this diagnosis and, the diagnosis and order were not in accord with well known and current medical practice. See *Attachment B*.

[4] Lisco requested his family inquire of an outside doctor, regarding the nature of the diagnosed injury, and learned that his injury required surgery, WITHIN LIMITED TIME, and that delay would cause permanent damage.

[5] Any requests for specialist consult by a prisoner must be authorized/requested by the facility medical provider; of course a prisoner is completely deprived of the ability to seek outside medical treatment on his own.

A See attached document, copy of medical records from D.O.C. medical file stating "these injuries should heal on their own"

36. This transfer was obviously triggered by the grievance, as it was contrary to a documented 'hold' by CDOC, requiring that Lisco be "retain[ed] at FCF for programs," until 31 August 2010.[6] See *Attachment B*.

37. Upon arrival at CMRC, Lisco pointedly informed Defendant Nurse Serene Beall, Intake Nurse (Nurse Beall)[7]; Defendant OC Baker, Intake Technician (OC Baker); Defendant Ms. Tredway, Case Manager (Ms. Tredway); and Defendant Mr. London, Case Manager (Mr. London); of his injured knee and, requested that accommodations be made to prevent further damage while he seeks proper treatment.

38. Both, Nurse Beall and OC Baker, arrogantly informed Lisco that they were already well aware of his condition and needs for accommodations.

39. Housing accommodations were not provided and Lisco was not seen by the CMRC Medical Services Provider, for his knee concerns, until on or about 14 July 2010.

40. At which time Defendant Dr. Wright, MD, Medical Provider, Cheyenne Mountain Re-entry Center (Dr. Wright); who went through painstaking effort to explain the injuries, and provide his contradictory analysis that the bump on the knee was merely a bone chip, and ordered more X-Rays.

41. Still, Dr. Wright refused to provide any more than enough Ibuprofin to last until Lisco could purchase his own.

42. Dr. Wright further refused to provide orders regarding accommodations, such as use of the facility elevator or bottom floor housing.

43. As Lisco was frequently unable to traverse the multiple staircases to go to the facility dining hall to eat; he made repeated requests of Ms. Tredway and Mr. London to help with, at least the issue regarding the facility stairs.[8]

44. Mr. London and Ms. Tredway merely instructed Lisco go to medical.[9]

45. Lisco has filed a grievance regarding the issues. No answer has been provided and suddenly, copy of, or information regarding, the grievance is unavailable.

46. Finally, Dr. Wright has ordered X-Ray to show to an orthopedic surgeon.

47. Still, Dr. Wright has refused to provide any further medication for the pain and CMRC staff has confiscated the Ibuprofin already provided.

48. On or about 11 August 2010, Lisco was finally seen by Dr. Wright; who finally provided **temporary** 'elevator pass'--that will expire 31 August 2010. Dr. Wright also prescribed more Ibuprofin, for only two weeks.

---

[6] Upon belief and information, CDOC has a practice/policy of transferring prisoners when grievances are filed regarding medical treatment—thereby thwarting exhaustion of remedies.

[7] Upon belief and information, Nurse Doe, Dr. Doe and, Mary Carnell is/are employee(s)/agent(s) of John Doe Incorporated, the Medical Services Provider for Cheyenne Mountain Re-entry Center.
For new arrivals, facility intake nurses provide prescreening of medical needs; while intake technicians provide prescreening of general safety and housing needs.

[8] Medical orders for bottom bunk and bottom tier assignment was already noted in Lisco's medical file by FCF.

Lisco is not, by rule, allowed to merely show up at medical; and would be subject to receive a misconduct report.

49. Dr. Wright has stated that he would consult an orthopedic specialist.

50. Upon belief and information, enough time has elapsed, that the injury is now irreparable and the damage will cause permanent disability. See *Attachment C*.

51. Lisco is suffering constant sharp pain, binding muscles, and his sleep is constantly interrupted by pain.

52. Lisco's trade is in auto body and paint; he is a certified automotive painter. Lisco's profession requires constant work with his legs and knees. This injury will utterly end his entire, career.

## CLAIMS FOR RELIEF

### Claim One:

**Substantive Violation of Due Process** in requiring work in unsafe work environment. *U.S. Const. Amndt. XIV §1.*

Supporting Facts: See ¶¶*16—19, supra.*

### Claim Two:

**Cruel and Unusual Punishment** as by deliberate disregard for serious medical needs. *U.S. Const. Amndt. VIII.*

Supporting Facts: See ¶¶*23—49, supra.*

### Claim Three:

**Retaliation for, and Obstruction of Redress** as by transfer in response to grievance.

Supporting Facts: See ¶¶*28—35, supra.*

### Claim Four:

**Substantive Violation of Due Process,** as by (in)action(s) and recless disregard for serious medical needs, causing permanent disability. *U.S. Const. Amndt. XIV §1.*

Supporting Facts: See ¶¶*1—49, supra.*

## E. PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ___Yes _X__No (CHECK ONE).

/ / /

# F. ADMINISTRATIVE RELIEF

1. Is there a formal grievance procedure at the institution in which you are confined?
   _X_ Yes ___ No (CHECK ONE).

2. Did you exhaust available administrative remedies? _X_ Yes ___ No (CHECK ONE).

   Defendants have manifested gross bad-faith in administering the grievance process and have intentionally refused to make decisions as to the merits of his requests. See *Humphrey v. Moore*, 375 U.S. 335, 349--350, 84 S.Ct. 363, 371--372, 11 L.Ed.2d 370; *Ford Motor Co. v. Huffman*, 345 U.S. 330, 337--339, 73 S.Ct. 681, 685--687, 97 L.Ed. 1048. In this perfunctory manner, See *Vaca v. Sipes*, 87 S.Ct. 903, 919, 386 U.S. 171, 194, 17 L.Ed.2d 842, Defendants, in having willfully thwarted Plaintiff's efforts to pursue grievance, *Brown v. Croak*, 312 F.3d 109, 112-13 (3rd Cir. 2002); have rendered the formal grievance proceeding, as not "available" to Brown within the meaning of 42 U.S.C. §1997e. Cf. *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir.2001)(holding that "a remedy that prison officials prevent a prisoner from 'utilizing' is not an 'available' remedy under §1997e").

# G. REQUEST FOR RELIEF

State the relief you are requesting:

**WHEREFORE,** Plaintiff Gregory Lay Lisco respectfully requests this Honorable Court grant relief as by:

> A. Declaration of Plaintiff's rights as asserted in Claims One through Four supra.;
> B. Declaration of liabilities as regards Claims One through Four; in respect to future costs and deprivation of liberties due to Defendants' (in)action(s);
> C. Injunction commanding Defendants immediately provide medical attention as would be accepted and adequate pursuant to current professional standards, to prevent further harm and/or pain and suffering, without requirement of fees/payment;
> D. Injunction commanding Defendants provide adequate accommodations to insure safety and prevent further injury/re-injury; i.e. 'bottom bunk' assignment and 'elevator pass', until full recovery of Plaintiff's injury;

E. Injunction commanding Defendants refrain from harassing/ intimidating/retaliating and/or otherwise restricting/thwarting redress or request for medical attention by Plaintiff; and further refrain from facility transfer of Plaintiff absent documented and legitimate custody and/or safety needs;

F. Compensatory relief, in the amount of $5,000,000.00, jointly/severally, against each/all Defendants for deliberate and reckless disregard for serious medical needs; thereby causing permanent/lifelong injury and disability;

G. Compensatory relief, in an amount to be ascertained, jointly/severally, against each/all Defendants for deliberate and reckless disregard for serious medical needs; thereby causing injury needing future medical attention;

H. Punitive damages in the amount of $100,000.00, jointly/severally, against those Defendants determined culpable for retaliatory transfer;

I. All costs incurred by Plaintiff(s) (to include any costs and/or fees of services by counsel that may be appointed or otherwise retained) in the bringing of this action—jointly/severally against each/all Defendant(s); and

J. Any other relief as the Court may find appropriate.

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. See *28 U.S.C. §1746; 18 U.S.C. §1621*.

Executed on 08-24-2010
(Date)

_____
(Prisoner's Original Signature)