IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02206-BNB

GREGORY LAY LISCO,

    Plaintiff,

v.

STATE OF COLORADO DEPARTMENT OF CORRECTIONS,
PHYSICIAN HEALTH PARTNERS, Medical Services Provider, Freemont Correctional Facility,
RAE TIMME, Warden, Freemont Correctional Facility,
LYNN ERICKSON, Health Services Administrator, Freemont Correctional Facility,
DR. TIM CREANY, MD, Medical Provider, Freemont Correctional Facility,
MICHAEL S. WALSH, Physician's Assistant, Freemont Correctional Facility,
JOHN DOE INCORPORATED, Medical Services Provider, Cheyenne Mountain Re-entry Center,
DR. WRIGHT, MD, Medical Provider, Cheyenne Mountain Re-entry Center,
NURSE SERENE BEALL, Intake Nurse, Cheyenne Mountain Re-entry Center,
OC BAKER, Intake Technician, Cheyenne Mountain Re-entry Center,
MS. TREDWAY, Case Manager, Cheyenne Mountain Re-entry Center,
MR. LONDON, Case Manager, Cheyenne Mountain Re-entry Center, and
ARISTEDES W. ZAVAR[A]S, Executive Director, Colorado Department of Corrections,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT - 4 2010

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Gregory Lay Lisco, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Cheyenne Mountain Re-Entry Center in Colorado Springs, Colorado. He initiated this action by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983 seeking money damages. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

The Court must construe Mr. Lisco's filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Lisco will be directed to file an amended complaint.

In general, Mr. Lisco complains that he injured his knee on April 22, 2010, while incarcerated at the Fremont Correctional Facility. He asserts that Defendants Dr. Tim Creany and Michael Walsh failed to provide appropriate treatment for his knee injury and refused his requests to see a specialist. Mr. Lisco also alleges that he was transferred to the Cheyenne Mountain Re-Entry Center ("CMRC") on July 2, 2010, in retaliation for filing grievances related to his knee injury. Mr. Lisco asserts that after his transfer to the CMRC Defendants Dr. Wright, Serene Beall, OC Baker, Ms. Tredway and Mr. London refused to provide him with proper accommodations for his injury and failed to provide him adequate medical care, including access to pain killers. Mr. Lisco asserts that these actions have violated his Eighth Amendment right to be free from cruel and unusual punishment and Fourteenth Amendment right to due process. Nonetheless, the Court has determined that the Complaint is deficient for the following reasons.

First, Mr. Lisco may not sue the State of Colorado or its entities, such as the Colorado Department of Corrections or the Medical Services Provider for Fremont Correctional Facility. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the

2

amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003).

Second, in the amended complaint he will be directed to file, Mr. Lisco must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Lisco must name and show how named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Warden Rae Timme or Executive Director Aristedes Zavaras, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Lisco may use fictitious names, such as "John or Jane Doe," if he does not know the actual names of the individuals who allegedly violated his rights. However, if

3

Mr. Lisco uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. Lisco, therefore, will be directed to file an amended complaint that names only proper parties and alleges specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Plaintiff, Gregory Lay Lisco, file **within thirty days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Lisco, together with a copy of this order, two copies of the Court-approved Prisoner Complaint form to be used in submitting the amended complaint. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that if Mr. Lisco fails to file an amended complaint as directed within the time allowed, the complaint and the action will be dismissed without further notice. It is

DATED October 4, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02206-BNB

Gregory Lay Lisco
Prisoner No. 98687
Cheyenne Mountain Re-Entry Center
2925 E. Las Vegas St.
Colorado Springs, CO 80906

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 10/4/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk