IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02206-BNB

GREGORY LAY LISCO,

      Plaintiff,

v.

PHYSICIAN HEALTH PARTNERS, Medical Services Provider, Freemont Correctional
    Facility,
RAE TIMME, Warden, Freemont Correctional Facility,
LYNN ERICKSON, Health Services Administrator, Freemont Correctional Facility,
DR. TIM CREANY, MD, Medical Provider, Freemont Correctional Facility,
MICHAEL S. WALSH, Physician's Assistant, Freemont Correctional Facility,
JOHN DOE INCORPORATED, Medical Services Provider, Cheyenne Mountain Re-
    entry Center,
DR. WRIGHT, MD, Medical Provider, Cheyenne Mountain Re-entry Center,
NURSE SERENE BEALL, Intake Nurse, Cheyenne Mountain Re-entry Center,
OC BAKER, Intake Technician, Cheyenne Mountain Re-entry Center,
MS. TREDWAY, Case Manager, Cheyenne Mountain Re-entry Center,
MR. LONDON, Case Manager, Cheyenne Mountain Re-entry Center, and
ARISTEDES W. ZAVAR[A]S, Executive Director, Colorado Department of Corrections,
JOHN DOE/JANE DOE, Employee Department of Corrections,
JANE DOE/JOHN DOE, Employee Insurance Carrier, Colorado Department of
Corrections, and
JANE DOE/JOHN DOE, Employee, Department of Corrections,

      Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 17 2010

GREGORY C. LANGHAM
                CLERK

---

AMENDED ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff, Gregory Lay Lisco, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who is currently incarcerated at the Cheyenne Mountain Re-Entry Center (CMRC) in Colorado Springs, Colorado. Mr. Lisco initiated this action by filing a *pro se* prisoner complaint pursuant to 28 U.S.C. § 1343 and 42

U.S.C. § 1983. He has been granted leave to proceed *in forma pauperis* with payment of an initial partial filing fee.

On October 4, 2010, Magistrate Judge Boyd N. Boland determined that the prisoner complaint was deficient because it named improper parties and because it failed to allege the personal participation of all named Defendants. Accordingly, Magistrate Judge Boland directed Mr. Lisco to file an amended prisoner complaint within thirty days. After receiving an extension of time, Mr. Lisco submitted an amended complaint on November 29, 2010.

The Court must construe the amended complaint liberally because Mr. Lisco is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended complaint because Mr. Lisco is a prisoner and some of the Defendants are officers or employees of a governmental entity. Pursuant to § 1915A(b)(1), the Court is required to dismiss the complaint, or any portion of the complaint, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that

clearly does not exist or asserts facts that do not support an arguable claim. *See* ***Neitzke v. Williams***, 490 U.S. 319, 324 (1989).

Mr. Lisco asserts four claims in the amended complaint. His claims stem from an incident that occurred on April 22, 2010, when Mr. Lisco alleges that he was injured while working as a welder in the maintenance shop at the Fremont Correctional Facility (FCF). He asserts that a large metal box, weighing approximately 600 pounds, fell onto his right leg, causing injury to his knee. Mr. Lisco alleges that Defendant Michael S. Walsh diagnosed him with a partial ruptured patellar tendon but refused to provide any additional treatment or refer Mr. Lisco to a specialist. Mr. Lisco asserts that he continued to suffer serious pain in his injured knee and that he filed several grievances at FCF to attempt to obtain medical treatment for his injury. On July 2, 2010, Mr. Lisco was transferred to the Cheyenne Mountain Re-Entry Center (CMRC), which he believes occurred in retaliation for the grievances he filed. Mr. Lisco also asserts that the named Defendants at the CMRC failed to provide medical treatment and necessary accommodations for his injury. Mr. Lisco alleges that he suffers from constant pain, inability to properly walk and permanent injury to his knee. He asserts that his Eighth and Fourteenth Amendment rights have been violated, and he seeks injunctive relief in addition to damages.

First, the Court notes that Mr. Lisco is suing Defendant Physician Health Partners, a private contractor and medical services provider for FCF, and Defendant John Doe Incorporated, a private contractor and medical services provider for CMRC. The established principles of municipal liability have been found to apply to § 1983 claims brought against private corporations like these Defendants. ***See, e.g.,***

***Dubbs v. Head Start, Inc.***, 336 F.3d 1194, 1216 (10th Cir. 2003) (finding that "[a]lthough the Supreme Court's interpretation of § 1983 in ***Monell*** applied to municipal governments and not to private entities acting under color of state law, case law from this and other circuits has extended the ***Monell*** doctrine to private § 1983 defendants."). According to the principles of municipal liability, a private actor such as Physician Health Partners "cannot be held liable solely because it employs a tortfeasor-or, in other words . . . cannot be held liable under § 1983 on a ***respondeat superior*** theory." ***Monell v. Dep't of Social Servs.***, 436 U.S. 658, 691 (1978). In order to hold a private actor liable for the alleged constitutional violations of its agents, a plaintiff must show that the private actor directly caused the constitutional violation by instituting an "official municipal policy of some nature" that was the "direct cause" or "moving force" behind the constitutional violation. ***Smedley v. Corr. Corp. of Am.***, 175 Fed. Appx. 943, 944 (10th Cir. Dec. 20, 2005) (unpublished opinion). "That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a causal link between the municipal action and the deprivation of federal rights." ***Bd. of County Com'rs. v. Brown***, 520 U.S. 397, 404 (1997).

Here, Mr. Lisco fails to allege that a custom or policy of these Defendants resulted in a violation of his constitutional rights. Instead, he focuses on the argument that Defendants Physician Health Partners and John Doe Incorporated were in "position[s] of authority/control and . . . failed to supervise [their] employees concerning the prompt medical attention necessary . . . ." Amended Complaint at 8, 11. These allegations are not an adequate basis for liability under § 1983. Therefore, Defendants

Physician Health Partners and John Doe Incorporated are not proper parties to this action and will be dismissed.

The Court also notes that Mr. Lisco is suing Defendants Warden Rae Timme, Administrator Lynn Erickson, and Executive Director Aristedes W. Zavaras because these Defendants allegedly are responsible for the constitutional violations committed by other individuals. Mr. Lisco asserts that he notified Defendants Timme and Zavaras of constitutional violations committed by defendants under their supervision by sending certified letters to them. He further alleges that his mother sent an email to Defendant Erickson. However, these allegations fail to establish the personal participation of Defendants Timme, Erickson, and Zavaras. Mr. Lisco was previously warned by Magistrate Judge Boland that personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of *respondeat superior*. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Moreover, the Tenth Circuit Court of Appeals has held that receiving correspondence from an inmate does not demonstrate the personal participation required to trigger personal liability under § 1983. ***Davis v. Ark. Vally Corr. Facility***, 99 Fed. Appx. 838, 843 (10th Cir. May 20, 2004) (unpublished opinion) (holding that copying the warden on correspondence does not demonstrate the warden's personal participation in an alleged constitutional violation). Mr. Lisco has failed to allege an affirmative link between the alleged constitutional violations and these Defendants. Because Mr. Lisco fails to assert that Defendants Timme, Erickson, and Zavaras personally participated in violating his constitutional rights, Defendants Defendants Rae Timme, Lynn Erickson, and Aristedes W. Zavaras are improper parties to the action and will be dismissed.

Upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that Mr. Lisco's claims do not appear to be appropriate for summary dismissal and that the case should be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that Defendants Physician Health Partners, John Doe Incorporated, Rae Timme, Lynn Erickson, and Aristedes W. Zavaras are dismissed as parties to this action. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 15th day of December, 2010.

BY THE COURT:

*Zita Leeson Weinshienk*
_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02206-BNB

Gregory Lay Lisco
Prisoner No. 98687
Cheyenne Mountain Re-Entry Center
2925 E. Las Vegas St.
Colorado Springs, CO 80906

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on December 17, 2010.

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk