IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-02206-REB-BNB

GREGORY LAY LISCO,

Plaintiff,

v.

DR. TIM CREANY, M.D. Medical Provider, Freemont Correctional Facility,
MICHAEL S. WALSH, Physician Assistant, Freemont Correctional Facility,
DR. WRIGHT, MD, Medical Provider, Cheyenne Mountain Re-Entry Center,
NURSE SERENE BEALL, Intake Nurse, Cheyenne Mountain Re-Entry Center,
OC BAKER, Intake Technician, Cheyenne Mountain Re-Entry Center,
MS TREDWAY, Case Manager, Cheyenne Mountain Re-Entry Center,
MR. LONDON, Case Manager, Cheyenne Mountain Re-Entry Center,

Defendants.

_____

## ORDER

_____

This matter arises on a paper filed by the plaintiff wherein he requests that the court

waive his filing fees for the months of January and February 2011 [Doc. #42, filed 03/01/2011]

(the "Motion").  The Motion is DENIED.

On September 9, 2010, the plaintiff was permitted to proceed *in forma pauperis* pursuant

to 28 U.S.C. § 1915 [Doc. #2].  Section 1915(b)(2) permits a prisoner to bring a civil action

without full payment of the filing fee, but requires that a prisoner "shall make monthly payments

of 20 percent of the preceding month's income credited to the prisoner's account," provided the

prisoner's account exceeds $10.00.  The plaintiff is required to make the monthly payments or

show cause each month why he has no assets or means by which to make the monthly payment.

In order to show cause, the plaintiff must file a current certified copy of his trust fund account statement.

The plaintiff states that he has been released from the Colorado Department of Corrections at the Cheyenne Mountain Re-Entry Center to the Arapahoe Community Treatment Center.  He requests that the court waive his filing fees for the months of January and February 2011 because he has been unable to find a job and does not have money to pay the filing fee.

Section 1915 provides that "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).  The plaintiff does not contend that he is no longer incarcerated or detained for criminal behavior.  To the contrary, he attaches to the Motion a letter from his Case Manager which states that the plaintiff is "presently serving a six-year felony sentence for Vehicular Eluding."  Therefore, the plaintiff must make his monthly payment or show cause *each month* why he has no assets and no means by which to make the monthly payment.

In addition, the plaintiff's request for waiver of the filing fee payments was made in the form of a letter.  "[A] request for a court order must be made by motion." Fed.R.Civ.P. 7(b)(1).  The plaintiff may not seek a court order through letters.  All requests must be made in the form of a motion, and the request must be titled as a motion.

Finally, the plaintiff does not certify that he served a copy of the Motion on counsel for the defendants.  Copies of papers filed in this court must be served on counsel for all other parties (or directly on any party acting *pro se*) in compliance with Fed.R.Civ.P. 5.  Rule 5

provides that all pleadings filed after the original complaint and all written motions, notices, demands, or any similar paper must be served on every party.  Fed.R.Civ.P. 5(a).  "If a party is represented by an attorney, service under this rule must be made on the attorney . . . ."  Fed.R.Civ.P. 5(b).  Service upon other parties may be by mail.  Id.  Proof that service has been made is provided by a certificate of service.  Id. at 5(d).  This certificate should be filed along with the original papers and should show the day and manner of service.  Id.

IT IS ORDERED:

(1)   The Motion is DENIED;

(2)   The plaintiff shall submit filing fee payments for January, February, and March 2011 on or before **April 19, 2011**, or file a current copy of his trust fund account statement which shows that he has no assets or means by which to make the monthly payment for those months;

(3)   All future applications to the court for relief shall be submitted in the form of a motion in compliance with Rule 7;

(4)   All papers shall be served on counsel for the defendants in accordance with Rule 5 and shall be accompanied by a proper Certificate of Service; and

(5)   Failure to comply with this order may result in sanctions, including dismissal of this case.

Dated April 5, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge