IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-02206-REB-BNB

GREGORY LAY LISCO,

Plaintiff,

v.

DR. TIM CREANY, M.D. Medical Provider, Freemont Correctional Facility,
MICHAEL S. WALSH, Physician Assistant, Freemont Correctional Facility,
DR. WRIGHT, MD, Medical Provider, Cheyenne Mountain Re-Entry Center,
NURSE SERENE BEALL, Intake Nurse, Cheyenne Mountain Re-Entry Center,
OC BAKER, Intake Technician, Cheyenne Mountain Re-Entry Center,
MS TREDWAY, Case Manager, Cheyenne Mountain Re-Entry Center,
MR. LONDON, Case Manager, Cheyenne Mountain Re-Entry Center,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on defendants Creany and Walsh's **Motion to Dismiss** [Doc. #37, filed 02/16/2011] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED.

**I. STANDARD OF REVIEW**

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537

F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## II. BACKGROUND

The plaintiff filed his Amended Prisoner Complaint on November 29, 2010 [Doc. #14] (the "Complaint"). The Complaint contains the following allegations regarding defendants Creany and Walsh:[1]

1. At all times pertinent to the allegations against defendants Creany and Walsh, the plaintiff was incarcerated by the Colorado Department of Corrections ("DOC") at the Fremont Correctional Facility ("FCF"). *Complaint*, p. 4, ¶ 15.[2]

2. On or about April 22, 2010, a large heavy metal box fell onto the plaintiff's right leg while he was working as a welder in the maintenance shop at FCF, injuring his knee. Id. at pp. 4, 5, ¶¶ 15, 19. The box measures approximately 6 feet by 5 feet, is 1/4 inch plate steel, and weighs approximately 500 to 600 pounds. Id. at p. 5, ¶ 19, n.1.

3. The plaintiff's supervisor escorted the plaintiff to the infirmary. Id. at ¶ 21.

4. The plaintiff was examined by a nurse. The nurse immediately brought the plaintiff's injury to the attention of defendant Dr. Tim Creany. Dr. Creany ordered an x-ray. Id. at ¶ 22.

---

[1] The Complaint repeatedly refers to attached documents. There are no such attachments.

[2] The Complaint is not paginated. Therefore, I refer to the pages of the Complaint as they are assigned by the court's docketing system.

2

5. On or about April 27, 2010, defendant Michael Walsh, a Physician's Assistant, interpreted the report and diagnosed the plaintiff with a partially ruptured patellar tendon. Id. at ¶ 23. Walsh determined that no medical intervention was needed because the tendon would grow back on its own and the ruptured portion of the tendon would dissolve in 3-4 years. Id. at ¶ 24. Walsh ordered that the plaintiff avoid stairs and that FCF officials provide bottom floor housing and a bottom bunk assignment. Id. at ¶ 25.

6. The plaintiff had his family ask an "outside doctor" about the nature of a partially ruptured patellar tendon. He learned that his injury required surgery within a limited time "and that delay would cause permanent damage." Id. at p. 6, n. 4.

7. The plaintiff suffered continuous, sharp, and intense pain. Routine daily movement intensified the pain. Id. at ¶ 26.

8. The plaintiff "made multiple requests to see Dr. Creany and/or a specialist, to no avail." Id. at ¶ 27.

9. On or about June 8, 2010, the plaintiff submitted an administrative grievance requesting that a specialist examine his injury. Id. at ¶ 28. The grievance was denied and the plaintiff was instructed to submit a request to the medical department if he did not believe the treatment was working. Id. at ¶ 29.

10. The plaintiff submitted a second grievance. This grievance was denied by Dr. Creany. Dr. Creany determined that "he could not evaluate the injury by merely the grievance; as such, Walsh's diagnosis must stand. Dr. Creany thereby avoided the request for his own or a specialist's examination." Id. at ¶ 31.

11. The plaintiff was transferred to the Cheyenne Mountain Re-entry Center on or about July 2, 2010. Id. at ¶ 35.

12. The plaintiff is currently suffering "constant sharp pain, binding muscles, and his sleep is constantly interrupted by pain." Id. at p. 7, ¶ 51.

13. On or about October 10, 2010, the "pea sized visible mass over the lower mid patellar area" noted in Walsh's report and the "Dime size firm nodule" noted in a later report came "loose from where it was on the top of [his] patella . . . while [he] was sleeping, and is now freely moving about." Id. at pp. 7-8, ¶ 53. Every time the plaintiff sits down, his leg becomes numb from his knee to his ankle and the top of his foot. Id. at p. 8, ¶ 53.

The plaintiff states that Dr. Creany was aware of the plaintiff's need for timely medical treatment and that his denial of treatment violated the plaintiff's due process rights. Id. at p. 9, ¶ 4. The plaintiff further states that because Dr. Creany was in a supervisory position over all medical staff at FCF, he is responsible for the "complete and utter denial of medical treatment." Id. at pp. 9-10, ¶ 4.

The plaintiff claims that defendant Walsh was aware of the plaintiff's need for timely medical treatment but failed to provide it in violation of his due process rights. Id. at p. 10, ¶ 5. He further states that Walsh was in a position of authority and control; failed to use his authority and control; and caused "complete and utter denial of medical treatment" for the plaintiff's injury. Id.[3]

---

[3] Any other claims the plaintiff may be attempting to assert against Creany and Walsh are unintelligible and will not be recognized. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

The plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages, and costs. Id, at pp. 17-18.

### III.  ANALYSIS

This action is brought under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

### A.  Official Capacity Claims

The defendants assert that, to the extent they are sued in their official capacities for damages, the Eleventh Amendment bars suit against them. *Motion*, p. 4. The Eleventh Amendment bars actions against a state, its officers, agents, and institutions which are part of the state function. Edelman v. Jordan, 415 U.S. 651 (1974). "When the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants." Id. (citing Ford Motor Co. v. Dept. of Treasury, 323 U.S. 459 (1945) (internal quotations omitted)).

The plaintiff alleges that Creany and Walsh are employees of Physician Health Partners, a medical services provider for FCF. *Complaint*, p. 2, ¶ 5; p. 3, ¶ 6; p. 5, n.2. The defendants do not address whether Physician Health Partners is a state agency or a private organization, and they do not provide any authority to support their claim of immunity for employees of Physician

5

Health Partners. I decline to find that the defendants are entitled to immunity based on the defendants' unsupported assertion.

### B. Qualified Immunity

The defendants state that, to the extent they are sued in their individual capacities, they are entitled to qualified immunity. *Motion*, pp. 10-11. Qualified immunity shields government officials sued in their individual capacities from liability for civil damages provided that their conduct when committed did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). As stated above, the Complaint names the defendants as employees of Physician Health Partners, and it is not clear from the allegations of the Complaint if the defendants are government officials. Therefore, it is not clear that they are entitled to qualified immunity.

### C. Failure to State a Claim upon Which Relief Can Be Granted

The plaintiff alleges that the defendants have failed to provide him with necessary medical treatment in violation of his substantive due process rights. However, "actions which are protected under specific constitutional provisions should be analyzed under those provisions and not under the more generalized provisions of "substantive due process." Berry v. City of Muskogee, 900 F.2d 1489, 1493 (10th Cir. 1990). The plaintiff's allegations against Creany and Walsh raise issues solely related to the plaintiff's conditions of confinement and are

appropriately analyzed as Eighth Amendment claims rather than due process claims.[4]  Id. at 1493-94.

The defendants argue that the Complaint fails to state an Eighth Amendment claim. *Motion*, pp. 5-8. A prison official's deliberate indifference to an inmate's serious medical needs violates the inmate's Eighth Amendment right to be free from cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care." Id. at 104-05. To establish a claim for deliberate indifference, a plaintiff must prove both an objective component and a subjective component.

The objective component is met if the inmate's medical need is sufficiently serious. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir.1999) (quoting Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)). The subjective component to a deliberate indifference claim is met if a prison official "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

---

[4]In his response to the Motion, the plaintiff states that "[s]ince the appropriate defendants are not currently included in this action; Lisco hereby dismisses [the due process] claims, without prejudice." *Response to Motion to Dismiss* [Doc. #58] (the "Response"), p. 4, § D. This statement makes no sense. The Complaint specifically states that Creany and Walsh violated the plaintiff's due process rights. *Complaint*, p. 9, ¶ 4; p. 10, ¶ 5. His due process claims against Creany and Walsh are not dependant on other "appropriate defendants."

To survive a motion to dismiss, a plaintiff must allege (1) a sufficiently serious medical need and (2) a sufficiently culpable state of mind. Riddle v. Mondragon, 83 F.3d 1197, 1205-06 (10th Cir. 1996). Conclusory allegations, without supporting factual averments, are insufficient to state a claim under the Eighth Amendment. Id. at 1205.

The defendants argue that the plaintiff has failed to allege a sufficiently serious medical need because the plaintiff admits that Walsh diagnosed him with a partially ruptured patellar tendon and found that it is a condition that does not require medical treatment. *Motion*, pp. 5-6. However, the plaintiff has alleged that an "outside doctor" told his family that his condition required surgery within a limited time to avoid permanent damage. *Complaint*, p. 6, n.4. A serious medical need can be a need that requires preemptive care in order to protect an inmate against a future risk. See Helling v. McKinney, 509 U.S. 25, 32-33 (1193).

Moreover, the plaintiff alleges that he was suffering continuous sharp and intense pain. Id. at p. 6, ¶ 26. Severe pain can be sufficiently serious to satisfy the objective prong. Matia v. Saiz, 427 F.3d 745, 753 (10th Cir. 2005). I find that the plaintiff has sufficiently alleged the objective component of deliberate indifference.

The defendants also argue that the plaintiff has not alleged the subjective component of deliberate indifference. The allegations of the Complaint that pertain to Walsh and Creany are few. The plaintiff alleges that (1) Dr. Creany ordered an x-ray on the date of the injury; (2) Walsh interpreted the radiology report, diagnosed a partially ruptured patellar tendon, ordered that no medical intervention was needed, and ordered restrictions for stairs and housing; and (3) Dr. Creany denied his second grievance stating that he could not diagnose the plaintiff's injury

by reading a grievance. These allegations are not sufficient to satisfy the subjective prong of deliberate indifference.

The plaintiff summarily alleges that Creany "[w]as/is aware of the need for timely medical treatment for a serious medical injury as evidenced by Dr. Tim Creany's response to step 2 grievance dated 06-24-2010 which treatment was/is still being denied causing further injury and unnecessary pain and suffering." *Complaint*, p. 9, ¶ 4. The plaintiff does not attach Dr. Creany's response to the Step 2 grievance. However, he alleges that in denying the second grievance, Creany "determined that he could not evaluate the injury by merely the grievance; as such, Walsh's diagnosis must stand." Id. at p. 6, ¶ 31. Creany's response does not evince deliberate indifference, especially in light of the plaintiff's allegation that in response to his first grievance, he was instructed to submit a request to be seen in the medical department.

The plaintiff also summarily alleges that Walsh "was aware of the need for timely medical treatment as evidenced by P.A. Walsh's report dated 02-25-2010 and Walsh's statement 'pea sized visible mass over the lower mid patellar area[]' and Walsh's statement '[t]hese injuries should heal on their own, although extremely slow - months.'" The plaintiff does not attach a report by Walsh, nor does he describe its contents. Moreover, the plaintiff alleges that his injury occurred on April 22, 2010, and that Walsh saw him on April 27, 2010. The plaintiff does not allege that Walsh had any involvement in his care after April 27, 2010. It appears that the plaintiff is referring to Walsh's diagnosis and treatment plan of April 27, 2010, and not to a "report dated 02-25-2010." The plaintiff's disagreement with Walsh's diagnosis and treatment plan, without more, does not give rise to an Eighth Amendment violation. "[A] prisoner who

merely disagrees with a . . . prescribed course of treatment does not state a constitutional violation." Perkins v. Kansas Dept. of Corrections, 165 F.3d 803, 811 (10th Cir. 1999).

The plaintiff has failed to allege that either defendant knew of and disregarded an excessive risk to his health. Therefore, he has failed to state a claim for deliberate indifference to his medical needs in violation of the Eighth Amendment.

The plaintiff further alleges that Creany and Walsh were in positions of "authority/control" over FCF medical staff and failed to use such "authority/control" "which has resulted in complete and utter denial of medical treatment." *Complaint*, pp. 9-10, ¶¶ 4-5. To the extent the plaintiff is attempting to hold Creany and Walsh liable for the actions of others simply because they held supervisory positions, an individual cannot be held liable in a section 1983 action unless he caused or participated in an alleged constitutional violation. McKee v. Heggy, 703 F.2d 479, 483 (10th Cir. 1983). Respondeat superior is not within the purview of section 1983 liability. Id. In order for a supervisor to be liable under section 1983, there must exist a causal connection or an affirmative link "between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." Butler v. City of Norman, 992 F.2d 1053, 1055 (10thCir. 1993); see also Rizzo v. Goode, 423 U.S. 362, 371 (1976). Without a showing of direct responsibility for the alleged violations, liability will not be imposed on a supervisory official. Id.

The defendants argue that the plaintiff has failed to state a claim for retaliation. I do not interpret the Complaint as asserting a retaliation claim against Creany or Walsh. However, insofar as the plaintiff is seeking to hold Creany or Walsh liable for retaliation, he has not alleged that they caused or participated in any acts of retaliation.

## IV.  CONCLUSION

I respectfully RECOMMEND that the motion be GRANTED and that all claims against defendants Dr. Tim Creany and Michael Walsh be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated July 28, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge