IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-02206-REB-BNB

GREGORY LAY LISCO,

Plaintiff,

v.

DR. WRIGHT, MD, Medical Provider, Cheyenne Mountain Re-Entry Center,
NURSE SERENE BEALL, Intake Nurse, Cheyenne Mountain Re-Entry Center,
OC BAKER, Intake Technician, Cheyenne Mountain Re-Entry Center,
MS TREDWAY, Case Manager, Cheyenne Mountain Re-Entry Center,
MR. LONDON, Case Manager, Cheyenne Mountain Re-Entry Center,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the **Motion for Judgment on the Pleadings** [Doc. #65, filed 08/17/2011] (the "Motion") filed on behalf of defendants Beall, Baker, Tredway, and London (the "defendants").[1]  I respectfully RECOMMEND that the Motion be GRANTED.

## I.  STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972).  I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991).

---

[1] The plaintiff was ordered to respond to the Motion on or before September 14, 2011 [Doc. #67], but no response has been received.

A motion for judgment on the pleadings is reviewed under the same standard of review applicable to a motion to dismiss under Fed.R.Civ.P. 12(b)(6). McHenry v. Utah Valley Hosp., 927 F.2d 1125, 1126 (10th Cir. 1991). In ruling on a motion to dismiss under Rule 12(b)(6), the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## II.  BACKGROUND

The plaintiff filed his Amended Prisoner Complaint on November 29, 2010 [Doc. #14] (the "Complaint"). The Complaint contains the following allegations regarding defendants Beall, Baker, Tredway, and London:[2]

1.  At all times pertinent to the allegations of the Complaint, the plaintiff was incarcerated by the Colorado Department of Corrections ("DOC").

---

[2]The Complaint repeatedly refers to attached documents, but there are none.

2. On or about April 22, 2010, the plaintiff's knee was injured when a large, heavy metal box fell onto his right leg while he was working as a welder in the maintenance shop at the Fremont Correctional Facility ("FCF").[3] *Complaint*, pp. 4, 5, ¶¶ 15, 19.[4]

3. On or about July 2, 2010, the plaintiff was transferred to the Cheyenne Mountain Re-Entry Center ("CMRC"). Id. p. 6, at ¶ 35. For new arrivals, facility intake nurses pre-screen the inmates for medical needs. Intake technicians pre-screen inmates for general safety and housing needs. Id. at p. 6, n. 7.

4. On his arrival at CMRC, the plaintiff informed Intake Nurse Beall and Intake Technician Baker that he needed timely medical treatment and requested that accommodations be made to prevent further damage until he obtained proper treatment. He also notified them of an FCF medical provider's order dated May 25, 2010, for "low-tier" living accommodations. Beall informed the plaintiff that she could not honor orders from outside providers regarding lower tier housing. Baker stated that he had made accommodations for the plaintiff to receive a bottom bunk, but could not do anything about stairs or access to the elevators. Id. at pp. 6-7, ¶ 37; p. 12, ¶¶ 8-9. Beall and Baker "arrogantly informed Lisco that they were already well aware of his condition and needs for accommodations." Id. at p. 7, ¶ 38.

5. Also on July 2, 2010, the plaintiff submitted a request to Case Manager Tredway informing her of the knee injury; the order in his file for "low-tier" housing; and the difficulties he was having accessing the dining hall and the rest of the facility. Tredway responded on July

---

[3]The FCF defendants have been dismissed [Doc. #68].

[4]The Complaint is not paginated. Therefore, I refer to the pages of the Complaint as they are assigned by the court's docketing system.

8, 2010, by asking the plaintiff if he had been seen in the medical department. Tredway also responded that the order was not in his file and that he needed to "get this taken care of." Id. at p. 13, ¶ 10.

6. On July 3, 2010, the plaintiff informed Case Manager London of the injury to his knee and the order in his file from FCF regarding low-tier housing. He further informed London of the pain and difficulty he experienced when ascending and descending stairs. He asked London for access to the elevators. London replied "there is nothing I can do." Id. at p. 14, ¶ 11.

7. On July 5, 2010, the plaintiff told London that he was having difficulty accessing various areas of the facility due to the pain he experienced when using the stairs. He also told London that he had not been downstairs for a meal in two days. London stated that only the medical department had the authority to grant access to the elevators. London also stated that he would see what he could do the following day. Id.

8. The plaintiff did not receive any housing accommodations. Id. at p. 7, ¶ 39.

9. The plaintiff was not seen by a medical provider until on or about July 14, 2010. Id. at p. 7, ¶ 39. The doctor refused to provide orders regarding accommodations such as the use of the facility elevator or bottom floor housing, and he would provide only enough Ibuprofen to last until the plaintiff could purchase his own. Id. at ¶¶ 41-42.

10. Because the plaintiff was frequently unable to traverse the multiple staircases to get to the dining hall, he repeatedly requested that Tredway and London help him with the staircase issue. Id. at ¶ 43. "Mr. London and Ms. Tredway merely instructed [the plaintiff to] go to medical." Id. at ¶ 44.

11. On July 12, 2010, Tredway verbally ordered the plaintiff to descend the stairs from living unit 2b to the basement level despite the plaintiff's complaint that it was very painful and that the FCF provider told him he should stay off stairs for at least three months. Tredway replied that there is no such order in the file. Id. at p. 13, ¶ 3.

12. The plaintiff is currently suffering "constant sharp pain, binding muscles, and his sleep is constantly interrupted by pain." Id. at ¶ 51.

13. On or about October 10, 2010, the "pea sized visible mass over the lower mid patellar area" noted in an FCF's doctor's report and the "Dime size firm nodule" noted in a later report came "loose from where it was on the top of [his] patella . . . while [he] was sleeping, and is now freely moving about." Id. at pp. 7-8, ¶ 53. Every time the plaintiff sits down, his leg becomes numb from his knee to his ankle and the top of his foot. Id. at pp. 7-8, ¶ 53.

The plaintiff states that defendants Beall, Baker, Tredway, and London violated his Eighth Amendment rights.[5] Id. at pp. 12-14, ¶¶ 8-11. The plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages, and costs. Id, at pp. 17-18.

### III. ANALYSIS

This action is brought under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

---

[5] Any other claims the plaintiff may be attempting to assert are unintelligible and will not be recognized. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

42 U.S.C. § 1983.

The defendants assert that the plaintiff's claims against them fail to state a claim upon which relief can be granted. *Motion*, pp. 6-9. A prison official's deliberate indifference to an inmate's serious medical needs violates the inmate's Eighth Amendment right to be free from cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care." Id. at 104-05. To establish a claim for deliberate indifference, a plaintiff must prove both an objective component and a subjective component.

The objective component is met if the inmate's medical need is sufficiently serious. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir.1999) (quoting Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)). The subjective component to a deliberate indifference claim is met if a prison official "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

To survive a motion to dismiss, a plaintiff must allege (1) a sufficiently serious medical need and (2) a sufficiently culpable state of mind. Riddle v. Mondragon, 83 F.3d 1197, 1205-06 (10th Cir. 1996). Conclusory allegations, without supporting factual averments, are insufficient to state a claim under the Eighth Amendment. Id. at 1205.

The defendants concede for purposes of the Motion that the plaintiff has alleged a sufficiently serious medical need. *Motion*, p. 8. The defendants argue that the plaintiff has failed to allege the subjective component of deliberate indifference.

The plaintiff alleges that Beall and Baker "arrogantly informed" him they were aware of his condition, and Beall told him she could not honor orders from another provider regarding lower tier housing. He alleges that Baker told the plaintiff he had made arrangements for a bottom bunk but could not do anything about access to the elevator. The plaintiff alleges that Tredway told him to contact the medical department because he did not have an order for low-tier housing in his file, and she gave him a verbal order to descend the stairs on July 12, 2010, because there was no order to avoid stairs in his file. It is alleged that London told the plaintiff there was nothing he could do regarding low-tier housing and stairs because only the medical department had the authority to grant access to the elevators.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." Barrie v. Grand County, Utah, 119 F.3d 862, 869 (10th Cir. 1997). Here, the plaintiff has alleged that Beall, Baker, Tredway, and London were deliberately indifferent to his need for an accommodation because they would not provide low-tier housing or access to the elevator so that he would not be forced to use the stairs. However, the Complaint does not contain any allegations from which to infer that Beall, Baker, Tredway, or London had authority to provide the accommodations. To the contrary, the plaintiff alleges that the defendants informed him they could not provide the accommodations; the defendants told him to contact the medical department because only the medical department had authority to

provide the accommodations;[6] and the medical provider at CMRC refused to order the accommodations. Moreover, there are no allegations that Beall, Baker, Tredway, or London prevented the plaintiff's access to the medical department or prevented the medical department from providing the accommodations. The plaintiff has failed to allege that the defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment.

The Complaint also alleges that the defendants were in positions of "authority/control" and failed to use such "authority/control" which has "resulted in total lack of accommodation." *Complaint*, pp. 12-14, ¶¶ 8-11. To the extent the plaintiff is attempting to hold the defendants liable for the actions of others simply because they held supervisory positions, an individual cannot be held liable in a section 1983 action unless he caused or participated in an alleged constitutional violation. McKee v. Heggy, 703 F.2d 479, 483 (10th Cir. 1983). Respondeat superior is not within the purview of section 1983 liability. Id. In order for a supervisor to be liable under section 1983, there must exist a causal connection or an affirmative link "between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." Butler v. City of Norman, 992 F.2d 1053, 1055 (10thCir. 1993); see also Rizzo v. Goode, 423 U.S. 362, 371 (1976). Without a showing of direct responsibility for the alleged violations, liability will not be imposed on a supervisory official. Id.

---

[6] Beall and Baker worked in the intake department, not the medical department.

## IV.  CONCLUSION

I respectfully RECOMMEND that the Motion be GRANTED and that all claims against defendants Beall, Baker, Tredway, and London be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated November 9, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge