IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-02206-REB-BNB

GREGORY LAY LISCO,

Plaintiff,

v.

DR. WRIGHT, MD, Medical Provider, Cheyenne Mountain Re-Entry Center,
NURSE SERENE BEALL, Intake Nurse, Cheyenne Mountain Re-Entry Center,
OC BAKER, Intake Technician, Cheyenne Mountain Re-Entry Center,
MS TREDWAY, Case Manager, Cheyenne Mountain Re-Entry Center,
MR. LONDON, Case Manager, Cheyenne Mountain Re-Entry Center,

Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on **Dr. William R. Wright's Motion for Judgment on the Pleadings** [Doc. #60, filed 07/19/2011] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED.

### I.  STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

A motion for judgment on the pleadings is reviewed under the same standard of review applicable to a motion to dismiss under Fed.R.Civ.P. 12(b)(6). McHenry v. Utah Valley Hosp., 927 F.2d 1125, 1126 (10th Cir. 1991). In ruling on a motion to dismiss under Rule 12(b)(6), the

court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, I may treat the motion as a Rule 56 summary judgment motion when matters outside the pleadings are presented to and not excluded by me, and all parties have been given a reasonable opportunity to respond as provided in Rule 56. Fed.R.Civ.P. 12(d). The plaintiff attaches 110 pages of documents to his response to the defendant's Motion. *Response to Dr. William Wright's Motion for Judgment on the Pleadings* [Doc. #70] (the "Response"), p. 5. Because I do not refer to the attachments in my analysis of Dr. Wright's Motion to Dismiss, I need not convert the motion into one for summary judgment. Fed.R.Civ.P. 12(d).[1]

---

[1] In addition, the plaintiff's Response was one month late. I ordered the plaintiff to respond to the defendant's Motion on or before August 19, 2011 [Doc. #62]. The plaintiff did not file his Response until September 19, 2011. He did not seek an extension of time to file the Response. Nevertheless, although I do not consider the attachments to the Response in my analysis of the defendant's Motion, I have considered the arguments asserted in the Response.

## II.  BACKGROUND

The plaintiff filed his Amended Prisoner Complaint on November 29, 2010 [Doc. #14] (the "Complaint").[2]  The Complaint contains the following allegations regarding defendant Wright:

1.  At all times pertinent to the allegations of the Complaint, the plaintiff was incarcerated by the Colorado Department of Corrections ("DOC").

2.  On or about April 22, 2010, the plaintiff's knee was injured when a large heavy metal box fell onto his right leg while he was working as a welder in the maintenance shop at the Fremont Correctional Facility ("FCF").[3]  *Complaint*, pp. 4, 5, ¶¶ 15, 19.[4]

3.  The plaintiff was transferred to the Cheyenne Mountain Re-entry Center ("CMRC") on or about July 2, 2010.  Id. at p. 6, ¶ 35.

4.  The plaintiff was seen by Dr. Wright for concerns about his knee on July 14, 2010. Dr. Wright "went through painstaking effort to explain the injuries, and provide his contradictory analysis that the bump on the knee was merely a bone chip . . . ."  Dr. Wright ordered x-rays and provided the plaintiff with enough Ibuprofen to last until he could purchase his own.  Dr. Wright refused to provide orders for the plaintiff to have access to the facility elevator and lower-tier living accommodations.  Id. at p. 7, ¶¶ 39-42.

---

[2]The Complaint repeatedly refers to attached documents.  There are no documents attached to the Complaint.

[3]The FCF defendants have been dismissed [Doc. #68].

[4]The Complaint is not paginated.  Therefore, I refer to the pages of the Complaint as they are assigned by the court's docketing system.

5.   Dr. Wright ordered that the x-ray be shown to an orthopedic surgeon. Id. at ¶ 46. "Dr. Wright has refused to provide any further medication for the pain and CMRC staff has confiscated the Ibuprofin [sic] already provided." Id. at ¶ 47.

6.   On or about August 11, 2010, the plaintiff was again seen by Dr. Wright. The doctor provided the plaintiff with a temporary elevator pass and prescribed two weeks worth of Ibuprofen. Id. at ¶ 48. In addition, he told the plaintiff that he would consult an orthopedic specialist and would have the plaintiff seen by the specialist before the elevator pass expired. Id. at ¶ 49; p. 11, ¶ 7.

7.   The elevator pass expired on August 31, 2010. The pass was taken from the plaintiff on September 8, 2010. Dr. Wright refused to reissue the elevator pass, stating that the plaintiff did not qualify for it.

8.   The plaintiff is currently suffering "constant sharp pain, binding muscles, and his sleep is constantly interrupted by pain." Id. at p. 7, ¶ 51.

9.   The plaintiff was seen by a specialist at Denver Health Medical Center on September 27, 2010. The specialist examined the plaintiff's knee and determined that an MRI was necessary "to determine exactly what damage had been done and what would be needed to repair that damage." The specialist also ordered that the plaintiff be given an elevator pass. Id. at p. 11, ¶ 7.

10.   The medical staff at CMRC refused to issue an elevator pass stating that the plaintiff did not meet the standards for a pass. Id. at pp. 11-12, ¶ 7.

11.   On or about October 10, 2010, the "pea sized visible mass over the lower mid patellar area" noted in an FCF provider's report and the "Dime size firm nodule" noted in a later

report came "loose from where it was on the top of [his] patella . . . while [he] was sleeping, and is now freely moving about." Id. at pp. 7-8, ¶ 53. Every time the plaintiff sits down, his leg becomes numb from his knee to his ankle and the top of his foot. Id. at p. 8, ¶ 53.

The plaintiff states that Dr. Wright failed to properly treat his injury and provide accommodations in violation of his due process and Eighth Amendment rights.[5] Id. at pp. 11-12, ¶ 7. The plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages, and costs. Id, at pp. 17-18.

### III. ANALYSIS

This action is brought under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The plaintiff alleges that Dr. Wright has failed to provide him with necessary medical treatment and accommodations in violation of his substantive due process rights. However, "actions which are protected under specific constitutional provisions should be analyzed under those provisions and not under the more generalized provisions of 'substantive due process.'" Berry v. City of Muskogee, 900 F.2d 1489, 1493 (10th Cir. 1990). The plaintiff's allegations against Wright raise issues solely related to the plaintiff's conditions of confinement and are

---

[5] Any other claims the plaintiff may be attempting to assert are unintelligible and will not be recognized. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

appropriately analyzed as Eighth Amendment claims rather than due process claims. Id. at 1493-94.

The defendants argue that the Complaint fails to state an Eighth Amendment claim. *Motion*, pp. 6-8. A prison official's deliberate indifference to an inmate's serious medical needs violates the inmate's Eighth Amendment right to be free from cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). "This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care." Id. at 104-05. To establish a claim for deliberate indifference, a plaintiff must prove both an objective component and a subjective component.

The objective component is met if the inmate's medical need is sufficiently serious. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir.1999) (quoting Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)). The subjective component to a deliberate indifference claim is met if a prison official "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

To survive a motion to dismiss, a plaintiff must allege (1) a sufficiently serious medical need and (2) a sufficiently culpable state of mind. Riddle v. Mondragon, 83 F.3d 1197, 1205-06 (10th Cir. 1996). Conclusory allegations, without supporting factual averments, are insufficient to state a claim under the Eighth Amendment. Id. at 1205.

Dr. Wright argues that the plaintiff has not alleged the subjective component of deliberate indifference. I agree. Rather than demonstrating deliberate indifference, the allegations of the Complaint demonstrate that Dr. Wright evaluated the plaintiff's knee; "went through painstaking effort to explain the injuries"; obtained an x-ray of the injury; treated the plaintiff with pain medications; accommodated the plaintiff with a temporary elevator pass; and obtained an orthopedic consultation for the plaintiff. To the extent the plaintiff believes Dr. Wright should have done more or should have done something differently, "a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation." Perkins v. Kansas Dept. of Corrections, 165 F.3d 803, 811 (10th Cir. 1999). As the Court stated in Estelle v. Gamble:

> [A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

429 U.S. 97, 106 (1976).

The plaintiff has failed to allege that Dr. Wright knew of and disregarded an excessive risk to his health. Therefore, he has failed to state a claim for deliberate indifference to his medical needs in violation of the Eighth Amendment.

The plaintiff further alleges that Dr. Wright was in a position of "authority/control" and failed to use such "authority/control" to "ensure that medical treatment" was provided. *Complaint*, p. 12, ¶ 7. To the extent the plaintiff is attempting to hold Dr. Wright liable for the actions of others simply because he held supervisory positions, an individual cannot be held

liable in a section 1983 action unless he caused or participated in an alleged constitutional violation. McKee v. Heggy, 703 F.2d 479, 483 (10th Cir. 1983). Respondeat superior is not within the purview of section 1983 liability. Id. In order for a supervisor to be liable under section 1983, there must exist a causal connection or an affirmative link "between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." Butler v. City of Norman, 992 F.2d 1053, 1055 (10thCir. 1993); see also Rizzo v. Goode, 423 U.S. 362, 371 (1976). Without a showing of direct responsibility for the alleged violations, liability will not be imposed on a supervisory official. Id.

Dr. Wright also argues that the plaintiff has failed to state a claim for retaliation. I do not interpret the Complaint as asserting a retaliation claim against Dr. Wright, and the plaintiff states that he is not asserting a retaliation claim against Dr. Wright. *Response*, p. 6.

## IV. CONCLUSION

I respectfully RECOMMEND that Dr. William R. Wright's Motion for Judgment on the Pleadings [Doc. #60] be GRANTED and that all claims against Dr. Wright be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's

objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated November 9, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge